IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41099
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN R. BARRERRA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-233-ALL
--------------------
July 17, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan R. Barrera argues that the district court erred by
denying his motion to suppress because the facts presented at the
suppression hearing show that Agent Diaz did not have a
reasonable suspicion that Barrera was involved in criminal
activity.  In the context of the denial of a motion to suppress,
we review the district court's factual findings for clear error
and the ultimate conclusion, that the facts supported a

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reasonable suspicion sufficient to justify an investigatory stop, de novo.  United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994).

A roving Border Patrol agent may stop a vehicle if the agent's observations lead him reasonably to suspect that the occupants of a particular vehicle may be involved in criminal activity.  See United States v. Brignoni-Ponce, 422 U.S. 873, 881 (1975).  The factors to be taken into account in determining whether "reasonable suspicion" exists, include: the characteristics of the area; its proximity to the border; the usual patterns of traffic on a particular road and previous experience with alien traffic; information about recent illegal border crossings; the driver's behavior; and the vehicle's appearance, including the type vehicle, appearance of being heavily loaded, number of passengers, or passengers' behavior. Brignoni-Ponce, 422 U.S. at 884-885.

The facts articulated by Agent Diaz show a vehicle not normally in the area, which was not suited for the use to which it was being put, was traveling a known path for contraband at an unusual hour, was loaded with hay bales in an unsafe manner, and which was unregistered.  These facts are specific and were articulated in clear terms.  The district court did not err in concluding that all of the specific facts considered together supported the stop.  See United States v. Aldaco, 168 F.3d 148, 150 (5th Cir. 1999).

AFFIRMED.